DEC 4 2018

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**NICHOLAS BURDICK BEWLEY,**

    **Plaintiff,**

v.

                                  **CIVIL ACTION NO. 2:17cv643**

**NANCY A. BERRYHILL,**
    **Acting Commissioner of Social Security**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is currently before the Court on Plaintiff Nicholas Bewley's (hereinafter "Plaintiff") Objection to the Magistrate Judge's Report and Recommendation.

### I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the decision of the Commissioner of Social Security, denying Plaintiff's claims for a disability insurance benefits ("DIB") and supplemental security income ("SSI"), pursuant to the Social Security Act. On March 13, 2018, pursuant to 28 U.S.C. § 636(b)(1)(B), this Court entered an order designating the United States Magistrate to conduct hearings and submit proposed findings of fact and, if applicable, recommendations for the disposition of this matter. ECF No. 12. On September 24, 2018, the Magistrate Judge filed his Report and Recommendation ("Report"), in which he recommended that the Plaintiff's Motion for Summary Judgment be **DENIED**; that Defendant's Motion for Summary Judgment be **GRANTED**; and that the final

1

RECEIVED

2018 DEC -4 P 3: 34

CLERK US DISTRICT COURT
NORFOLK, VIRGINIA

decision of the Commissioner be **AFFIRMED**. ECF No. 19. The Report also advised the parties of their right to file written objections to the findings and recommendations the Magistrate Judge made. *Id.* at 18. The clerk provided all of the parties copies of the Report. *Id.* On October 9, 2018, Plaintiff filed an Objection to the Magistrate Judge's Report. ECF No. 20. On October 23, 2018, Defendant filed a Response to Plaintiff's Objection. ECF No. 21. This matter is now ripe for disposition by the Court.

## II. LEGAL STANDARD

When considering a party's objections to the findings and recommendations of the Magistrate Judge, a district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985) ("[A]ny individual findings of fact or recommendations for disposition by [the Magistrate Judge], if objected to, are subject to final *de novo* determination on such objections by a district judge, thus satisfying the requirements of Article III."). The phrase "de novo", as used in Rule 72, means that a district court judge must give "fresh consideration" to portions of the magistrate judge's report and recommendation. *United States v. Raddatz*, 447 U.S. 667, 675 (1980). In other words, "'the Court should make an independent determination of the issues' and should not give any special weight to the prior determination." *Id.* (quoting *United States v. First City Nat'l Bank*, 386 U.S. 361, 368 (1967)).

Under de novo review, "the magistrate judge's report and recommendation carries no presumptive weight, and the district court may accept, reject or modify the report, in whole or in part, and may recommit the matter to the magistrate judge with instructions." *Halloway v. Bashara*, 176 F.R.D. 207, 209-10 (E.D. Va. 1997); Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit

2

the matter to the magistrate judge with instructions.").

This Court has carefully and independently reviewed the record in this case and Plaintiff's objection to the Report. Having done so, the Court finds that there are no meritorious reasons to sustain Plaintiff's objection.

### III. DISCUSSION

Plaintiff objects to the Magistrate Judge's finding that the Administrative Law Judge ("ALJ") properly allotted little weight to the opinions of Plaintiff's treating and consulting physicians. ECF No. 20 at 1. Specifically, relying upon 20 C.F.R. Section 404.1527(c)(1), Plaintiff argues that more weight should be given to the assessments recorded by examining physicians as opposed to assessments provided by non-examining physicians. A Court reviewing a decision made under the Social Security Act must determine whether the factual findings are supported by substantial evidence and were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* (citations omitted).

Under the "attending physicians rule," the medical opinion of a claimant's treating physician should be given "great weight" and "may be disregarded only if there is persuasive contradictory evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Accordingly, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig*, 76 F.3d at 590; *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001) ("[A] treating physician's opinion on the nature and severity of the claimed impairment is entitled to controlling weight if it is well-supported by

medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record.").

Prior to Plaintiff's lower back injuries sustained in 2002, Plaintiff worked as a painter and maintenance worker in a pool hall. R. at 32. After spinal infusion surgery in 2002, Plaintiff underwent no additional corrective surgery and continuously physically cared for himself even though he never returned to work. R. at 34, 36, 41-43. Plaintiff's medical records from October of 2011 through January of 2017 indicate ongoing treatment for chronic back pain. R. at 306-29, 373-614, 675-744. During this time frame Plaintiff's treating physician was Dr. Herbert Knight ("Dr. Knight"). Plaintiff complained of "chronic low back pain with limitations of range of motion, no paresthesia, or numbness" and Dr. Knight appropriately adjusted his medications throughout this time frame. R. at 415-59. In December 2013, Dr. Knight reported Plaintiff maintained full range of motion in his extremities with lower back pain preventing him from bending more than ten degrees. R. at 415. Plaintiff's medical records indicate that Plaintiff repeatedly reported increased functionality in response to his medication management as proscribed by Dr. Knight. R. at 393, 411, 415-59.

After visiting a neurosurgical specialist, Dr. David Waters, Plaintiff was prescribed physical therapy but never saw a physical therapist for his injuries. R. at 40. "Dr. Waters' exam showed good strength and sensation in his lower extremities, but poor mobility of the paravertebral muscles and hamstrings." ECF. No. 19 at 5 (R. at 671-72). Despite his prognosis, Dr. Waters did not believe Plaintiff was a good candidate for surgery. *Id.* Aside from various medications and physical therapy, no other remedies were prescribed to plaintiff. After x-rays in October 2014 and an MRI in November 2016, the examinations revealed Plaintiff's impediments had not advanced and there was no evidence of complication. R. at 376, 645-46. As the Magistrate

4

Judge pointed out, "Plaintiff's records consistently reported good muscle strength, no gait disturbance, and no prescribed use of an assistive device." *Id.* at 14.

In March 2015, Plaintiff's attending physician, Dr. Knight, conducted a Residual Functional Capacity Questionnaire indicating that Plaintiff suffered from chronic myofascial pain syndrome in his lower back. R. at 388-89. Inconsistent with an analysis of Plaintiff's medical records, Dr. Knight opined that Plaintiff was only capable of sitting or standing for ten minutes at a time and zero out of eight hours in a work day. *Id.* He also concluded plaintiff could never lift more than ten pounds at a time even though Plaintiff stated in his testimony before the ALJ that he could lift and carry twenty pounds at a given time. R. at 41. Dr. Knight furthered that Plaintiff would likely be absent from work in excess of four times per month due to Plaintiff's diagnosis. R. at 388-89. To remedy Plaintiff's ailments, Dr. Knight only prescribed various medications indicative of conservative treatment for back pain. R. at 20. Such minimal treatment is also inconsistent with the extensive restrictions Dr. Knight assesses in his questionnaire. Notwithstanding the fact that Dr. Knight served as Plaintiff's attending physician for over seven years, the ALJ reasonably afforded little weight to Dr. Knight's March 2015 assessment because the broad limitations placed on Plaintiff were inconsistent with his medical records.

Also in March of 2015, Dr. Richard Hoffman, Plaintiff's consulting physician, examined Plaintiff, reviewed his medical record, and observed that Plaintiff had an unsteady gait and difficulty walking. R. at 344. Dr. Hoffman concluded that Plaintiff suffered from a degenerative disc disease in addition to side effects from his narcotic pain medication and decreased range of motion. *Id.* Dr. Hoffman made his determinations after a one-time examination. Even when analyzing Dr. Hoffman and Dr. Knight's assessments in isolation, they too are inconsistent with one another. Although Dr. Knight and Dr. Hoffman both describe substantial limitations placed

5

upon Plaintiff, their assessments are inconsistent regarding, among other things, the health of Plaintiff's gait and extent of his range of motion.

Contrary to the medical observations of Dr. Knight and Dr. Hoffman, two state agency medical consultants reviewed Plaintiff's medical records and both determined that Plaintiff could perform sedentary work with various lifting, sitting, and standing limitations. R. at 67-69, 105-07. Additionally, a vocational expert testified to the ALJ that Plaintiff could perform a variety of unskilled jobs such as a food and beverage order clerk, a document preparer, or a sedentary assembler. R. at 49.

As the Magistrate Judge noted in his Report, the ALJ's determination was supported by substantial evidence in the record. Among other evidence, the ALJ was supplied with the medical opinions of five doctors and a vocational expert. Although two doctors, Dr. Knight and Dr. Hoffman, described a very limited range of activity for which Plaintiff may participate, their assessments were inconsistent with one another and inconsistent with Plaintiff's medical records. Furthermore, two doctors described greater potential for Plaintiff and the vocational expert provided plausible job opportunities for a person experiencing Plaintiff's inhibitions. Consequently, applying the standard set forth in *Craig*, 76 F.3d 585, substantial evidence supported the ALJ's finding that Dr. Knight and Dr. Hoffman's March 2015 assessments were inconsistent with each other and with other evidence in the record, thusly entitled to significantly less weight. Therefore, the Magistrate Judge correctly determined that the ALJ's decision was supported by substantial evidence. Plaintiff's objection is without merit and is overruled.

## IV. CONCLUSION

Accordingly, the Court finds that the Plaintiff has raised no grounds warranting this Court's departure from the recommendations as stated in the Magistrate Judge's Report.

After careful review of the Magistrate Judge's Report and Recommendation, the Court does hereby **ACCEPT** and **ADOPT** the findings and recommendations set forth in the report of the United States Magistrate Judge filed September 24, 2018. Plaintiff's Motion for Summary Judgment is **DENIED**; Defendant's Motion for Summary Judgment is **GRANTED**; and the Final Decision of the Commissioner is **AFFIRMED**. Judgment is hereby entered in favor of the Commissioner.

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
December 4, 2018

Raymond A. Jackson
**United States District Judge**

/s/

Raymond A. Jackson
United States District Judge